**EXHIBIT A**

Clerk of the Court

Location: Civil B- Ct Rm 720- 200 TradeCenter, Woburn
Telephone: 781-939-2748

*A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON*

.sabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617)
i8-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic 3635235.inldoc01 macirobe

## Commonwealth of Massachusetts
### County of Middlesex
### The Superior Court

MIDDLESEX, SS.                    CIVIL DOCKET# **MICV2010-04922**

Wow What Savings, LLC, d/b/a Wow, Plaintiff
vs.
America Online, Inc. d/b/a Wow.com and Patch.com, Defendant

### SUMMONS AND ORDER OF NOTICE

To the above-named Defendant:
    You are hereby summoned and required to serve upon
**David B Summer, Esquire**, plaintiff's attorney, whose address is **Law Office of David
B. Summer 77 Franklin Street, 3rd Floor, Boston, MA 02110,   , an** answer to the
complaint which is herewith served upon you. This must be done within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
Judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of
this Court at Woburn either before service upon plaintiff's attorney or within a
reasonable time thereafter.
    Unless otherwise provided by Rule 13(a), your answer must state as a
counterclaim any claim which you may have against the plaintiff which arises out of the
transaction or occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.
    **WE ALSO NOTIFY YOU** that application has been made in said action, as
appears in the complaint, for a preliminary injunction and that a hearing upon such
application will be held at the court house at said Middlesex County Superior Court, in
Woburn on 01/10/2011, at 02:00 PM in Civil B- Ct Rm 720- 200 **Trade Center,
Woburn,** at which time you may appear and show cause why such application should
not be granted.

    **Witness, Barbara J. Rouse,** Esquire, Chief Justice of the Superior Court, at
Woburn, Massachusetts this 30th day of December, 2010.

.......................................................................
                                                        Clerk

### (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                          MIDDLESEX SUPERIOR COURT
                                       CIVIL ACTION NO:

                                              10-4922

WOW WHAT SAVINGS, LLC, d/b/a          )
WOW                                   )
                Plaintiff,            )
                                      )
        v.                            )
                                      )        ┌─────────────────────────┐
AMERICA ONLINE, INC. d/b/a            )        │         F I L E D        │
WOW.COM and PATCH.COM                 )        │    IN THE OFFICE OF THE  │
                Defendant             )        │     CLERK OF COURTS      │
                                      )        │ FOR THE COUNTY OF MIDDLESEX │
                                               │       DEC 3 0 2010       │
                                               │                         │
                                               │         CLERK           │
                                               └─────────────────────────┘

**<u>Motion for Special Process Server</u>**

Pursuant to Mass.R.Civ.P. 4(c), the plaintiff hereby moves this Court to allow her

to utilize either Quickserv, the Allied Constable Group, or other constable

licensed to serve civil process as a special process server in this action.

                                       Respectfully submitted,
                                       Plaintiff by its attorney,


Dated: 12/30/10

                                       David Summer, Esq.
                                       BBO 634514
                                       77 Franklin Street-3rd Floor
                                       Boston, MA 02110
                                       (617) 695-0050
                                       *Attorney for the Plaintiff*

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT | DOCKET NO. _____ |
|---|---|---|
| | COUNTY OF  MIDDLESEX | |

| PLAINTIFF(S) WOW What Savings, LLC, d/b/a WOW | DEFENDANT(S) America Online, Inc., d/b/a Wow.com and Patch.com |
|---|---|
| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
| David Summer (BBO 634514)<br>77 Franklin Street, 3rd Floor<br>Boston, MA 02110<br>(617) 695-0050 | |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)        TRACK | IS THIS A JURY CASE? |
|---|---|---|
| E99 Misc Other (specify) - X track   (Lanham Act, Trademark, 93A) | | [X] Yes  [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.  Total hospital expenses                                                          $ _____
   2.  Total doctor expenses                                                            $ _____
   3.  Total chiropractic expenses                                                      $ _____
   4.  Total physical therapy expenses                                                  $ _____
   5.  Total other expenses (describe)                                                  $ _____
                                                                            Subtotal    $ _____
B.  Documented lost wages and compensation to date                                      $ _____
C.  Documented property damages to date                                                 $ _____
D.  Reasonably anticipated future medical expenses                                      $ _____
E.  Reasonably anticipated lost wages and compensation to date                          $ _____
F.  Other documented items of damages (describe)
         damage to Plaintiff's business, Lanham Act                                     $ 5,000,000+
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
         see above

                                                                    Total $ 5,000,000+

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)
Provide a detailed description of claim(s):

|  | TOTAL    $............. |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____        Date:   Dec 30, 2010

A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                MIDDLESEX SUPERIOR COURT
                                             CIVIL ACTION NO:

|  |  |
|---|---|
| WOW WHAT SAVINGS, LLC, d/b/a WOW | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| AMERICA ONLINE, INC. d/b/a WOW.COM and PATCH.COM | ) |
| Defendant | ) |
|  | ) |

## VERIFIED COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Wow What Savings, LLC d/b/a Wow (hereafter referred to as "WS" or "Plaintiff") is a Massachusetts limited liability corporation. Its place of business is 109 Milton Street, Waltham, MA.

2. Defendant America Online, Inc., d//b/a Wow.com and Patch.com (hereafter referred to collectively as "AOL," "America Online," or "Defendant") is a Delaware corporation, registered to do business in Massachusetts. Its place of business is 22000 AOL Way, Dulles, VA. See Exhibit "A" attached hereto.

### Statement of the Facts

3. WS primarily operates an internet site at the URL address of wowwhatsavings.com.

4. WS's site offers its users "deals" or discounts on various products and services. WS obtains these deals by entering into arrangements with the various vendors of said products and services.

-1-

5. WS earns income by taking a percentage of each deal purchased by one of its users. For example, WS might sell a gift certificate to a restaurant worth $20 for $10. Every time a gift certificate is purchased WS might retain $5 and give $5 to the restaurant.

6. WS's main market is Boston, but it offers various "deals" and discounts throughout the United States and is engaged in interstate commerce.

7. WS has been operational since August 2009. WS has been doing business as "Wow" since its inception. Although it uses the website wowwhatsavings.com, WS has always held itself out to vendors and users alike simply as "Wow," and further has extensively promoted its business under that name.

8. WS is currently wholly managed by Todd Rideman ("Rideman").

9. In June or July, 2010, Rideman was having coffee with Paul Airasian ("Airasian") at the Starbucks on Trapelo Road in Belmont, Massachusetts. Airasian was then minority shareholder of WS.

10. On that day, Airaisian indicated that he had a meeting scheduled later that day with Pat Purcell ("Purcell") from Patch.com. Airaisian was going to interview Purcell and feature Patch.com for the Belmont Business Review. Patch.com is wholly owned by America Online.

11. Prior to formally starting his meeting with Purcell, Airasian introduced Rideman to Purcell. Airisian stated that Rideman was the owner of "Wow," which he described as a daily deal site like Groupon. Airisian further stated

that he would like to discuss the possibility of WS, Patch, and AOL working together to do a daily deal site.

12. Rideman explained to Purcell what WS was about and about its business. Rideman and Purcell then promised to follow up with each other to discuss the possibility of working together. Purcell further stated that he said he would talk with his AOL bosses when he was back in New York.

13. Rideman and Purcell had some further email exchanges. Eventually, in and around late July or early August 2010, Purcell told Rideman that AOL was not interested in a deal site at that time.

14. Purcell was fully aware that wowwhatsavings.com called itself "Wow," as Rideman always referred to his business as "Wow." Also, Rideman was wearing the company apparel with the name "Wow" on it when he met Purcell in June or July 2010.

15. AOL launched a coupon site exactly similar to WS on November 10, 2010 and used the URL wow.com, which had previously been used for a site dedicated to the fantasy game World of Warcraft. AOL had copied WS's business and made an almost identical website to wowwhatsavings.com. Wow.com is wholly owned by AOL. See Exhibit "B" incorporated herein.

16. Prior to the launch of their site, AOL via an entity operating as Adility.com ("Adility"), contacted Jeffrey Karll ("Karll"), the owner of G'Vanni's Ristorante ("G'Vanni's"), a Boston Italian Restaurant, which is located at 2 Prince Street, Boston, MA. See Exhibit "C" incorporated herein.

17. Adility asked Karll if he wanted to place an offer for G'Vanni's on "Wow."
    In response, Karll told them that he already made offers on "Wow," thinking
    the caller was referring to wowwhatsavings.com, which he knew to be called
    "Wow." Karll was completely unaware that they were referring to another
    site called "wow.com" that has the exact business as "wowwhatsavings.com."

18. The phone call with Karll continued and Adility explained that Wow was
    AOL. He did decide to place an offer on what was described as Wow/AOL.

19. Karll had assumed that AOL had taken over wowwhatsavings.com.

20. Karll remained confused as to whether AOL had taken over
    wowhatsavings.com until he talked with Todd Rideman in late November
    2010, who he knew to be the owner of wowhatsavings.com, doing business as
    "Wow." Only then did he learn that it was not the same business.

21. On November 12, 2010, Rideman received an email from a WS user, Bruce
    Patz ("Patz"). In the email, Patz remarked on a coupon for G'Vanni's. A true
    and accurate copy of the email is attached hereto as Exhibit "D."

22. Patz had purchased a G'Vanni's coupon from what he believed to be WS. See
    Affidavit of Patz, attached hereto as Exhibit "D." At the time he purchased
    the coupon, Patz was completely confused and unaware that he was not doing
    business with wowwhatsavings.com, but rather wow.com, a recently formed
    site run by AOL.

23. WS does also feature a deal with G'Vanni's Ristorante on its site.

24. Rideman responded to Patz that the G'Vanni's coupon was not his deal.

25. Rideman came to realize after his exchange with Patz that AOL had launched a site that directly competed with him called "Wow" that can be very easily confused with his site wowwhatsavings.com.

26. The AOL site was striking similar to the site on wowwhatsavings.com. The similarities include, but are not limited to, the color, layout, business model, and terminology. For example, WS calls people on its mailing list "Wowzers" and AOL refers to their coupons as "Wowchers."

27. AOL's initial target markets are Boston, Washington and Philadelphia.

28. AOL knew before it began its site that WS's main market was Boston. Upon information and belief, AOL targeted Boston because of WS's penetration in the market as "Wow."

29. Since the launch of wow.com, site traffic for wowwhatsavings.com is down approximately ten percent. Further, WS has lost business as illustrated by the purchase by Patz. In addition, consumers are confused between WS and AOL's Wow site. See Exhibit "E" incorporated herein.

## COUNT I

### Interference with Contractual Relations

30. Paragraphs 1 through 29, inclusive, are hereby incorporated into COUNT I of this Complaint.

31. The Plaintiff had contracts with thirty party users (purchasers of his coupons) of his website and thirty party vendors (sellers of coupons) and the Defendant knew the same.

32. The Defendant induced the users and vendors to enter into agreements with their site wow.com, via trickery and other improper means, by confusing the users and vendors and making them believe they were doing business with WS.

33. The Plaintiff has lost business and revenue as a result of the Defendant's interference.

34. Accordingly the Defendant has interfered with the contractual relations of the Plaintiff and the Plaintiff has suffered a financial loss, plus attorney's fees, costs and interest.

### COUNT II

#### <u>Unjust Enrichment</u>

35. Paragraphs 1 through 34, inclusive, are hereby incorporated into COUNT II of this Complaint.

36. The Defendant constructed a website and using a name that made third parties believe they were doing business with WS.

37. As a result, the Defendant has been unjustly enriched at the expense of WS.

38. The Defendant has accordingly been unjustly enriched at the Plaintiff's expense and as a direct and proximate result, the Plaintiff has suffered financial loss, plus attorney's fees, costs and interest.

### COUNT III

#### <u>Fraud</u>

39. Paragraphs 1 through 38, inclusive, are hereby incorporated into COUNT III of this Complaint.

40. In June or July, 2010, Purcell, an agent of AOL made statements regarding AOL forming a relationship with WS to form a deal site.

41. Purcell's statements were false and he knew them to be false.

42. Defendant made such statements and representations for the specific purpose of obtaining information from the Plaintiff so that AOL could establish a competing site.

43. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered financial loss, plus attorney's fees, costs and interest.

## COUNT IV
### Trademark Infringement Under M.G.L. c. 110H

44. Paragraphs 1 through 43, inclusive, are hereby incorporated into COUNT IV of this Complaint.

45. AOL's use of WS has caused or is likely to cause consumers and potential customers to be confused, mistaken, and deceived as to the source, origin, sponsorship or approval of its business.

46. The above described actions constitute trademark infringement in violation of M.G.L. c. 110.

47. AOL's use of WS's marks have been willful, wanton, reckless and in total disregard to WS's rights.

48. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered financial loss, plus attorney's fees, costs and interest.

## COUNT V

### Trademark Infringement Under Massachusetts Common Law

49. Paragraphs 1 through 48, inclusive, are hereby incorporated into COUNT V of this Complaint.

50. AOL's use of Wow and other similarities from WS's website has caused or is likely to cause consumers and potential customers to be confused, mistaken, and deceived as to the source, origin, sponsorship or approval of its business.

51. The above described actions constitute trademark infringement in violation of Massachusetts common law.

52. AOL's use of WS's marks have been willful, wanton, reckless and in total disregard to WS's rights.

53. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered financial loss, plus attorney's fees, costs and interest.

## COUNT VI

### Trademark Dilution Under M.G.L. c. 110H

54. Paragraphs 1 through 53, inclusive, are hereby incorporated into COUNT VI of this Complaint.

55. AOL's use of Wow and the related marks have caused the dilution of WS's marks, which have been distinctive and used since August 2009.

56. The above described actions constitute trademark dilution in violation of M.G.L. c. 110.

57. AOL's use of WS's marks have been willful, wanton, reckless and in total disregard to WS's rights.

58. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered financial loss, plus attorney's fees, costs and interest.

## COUNT VII

### Trademark Infringement Under 15 U.S.C. § 1125

59. Paragraphs 1 through 58, inclusive, are hereby incorporated into COUNT VII of this Complaint.

60. AOL's use of Wow as their name and in their business and the format of their business and website, has caused or is likely to cause consumers and potential customers to be confused, mistaken, and deceived as to the source, origin, sponsorship or approval of its business.

61. The above described actions constitute trademark infringement in violation of 15 U.S.C. § 1125.

62. AOL's use of WS's marks have been willful, wanton, reckless and in total disregard to WS's rights and constitutes unfair competition, trademark infringement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered financial loss, plus attorney's fees, costs and interest.

## COUNT VIII

### Trademark Infringement Under Federal Common Law

64. Paragraphs 1 through 63, inclusive, are hereby incorporated into COUNT V of this Complaint.

73. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered financial loss, plus attorney's fees, costs and interest.

## COUNT X

### Unfair Competition Under Massachusetts Common Law

74. Paragraphs 1 through 73, inclusive, are hereby incorporated into COUNT X of this Complaint.

75. AOL and WS are engaged in trade and commerce in the Commonwealth of Massachusetts and in other states.

76. AOL's action described above constitute unfair competition in violation of Massachusetts common law.

77. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered financial loss, plus attorney's fees, costs and interest.

## COUNT XI

### Breach of M.G.L. c. 93A

78. The Plaintiff realleges and reincorporates paragraphs 1-77 herein.

79. Both the Plaintiff and the Defendant were engaged in business as it pertains to M.G.L. c. 93A.

80. The Defendant engaged in unfair and deceptive conduct, by its actions, which include but are not limited to, obtaining information regarding the Plaintiff's business and then opening up a competing site that looks substantially similar and taking its business.

81. The Defendant's actions were in violation of M.G.L. c. 93A.

82. Wherefore, the Plaintiff demands judgment against the Defendant for breach

-11-

of M.G.L. c. 93A. The Plaintiff further prays that this Court grant it multiple damages and reasonable attorney's fees.

WHEREFORE, Plaintiff prays for the following relief:

1. The Court award him judgment for money damages under Counts I-XI.

2. The Court award him multiple damages, attorney's fees and costs pursuant to Count XI or as otherwise allowed by law.

3. The Defendant be restrained from alienating, transferring, encumbering, pledging or otherwise disposing of Wow.com and its assets, until further order of the court;

4. Order a preliminary injunction preventing the Defendant from doing business as "Wow" in the United States and/or the areas of WS's operation;

5. Order a permanent injunction preventing the Defendant from doing business as "Wow" in the United States and/or the areas of WS's operation;

6. The Defendant be enjoined from using the name "Wow" to promote its business.

7. Plaintiff requests such other orders and further relief as the Court deems appropriate, according to justice and equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issue for which jury trials may be held.

**VERIFICATION**

My name is Todd Rideman. I am the manager and owner of Wow What Savings, LLC d/b/a Wow, the Plaintiff in this matter. I have read the complaint and have personal knowledge of the facts set forth herein and those facts are true. With regard to facts alleged on information and belief, I believe those facts to be true.

Signed under the pains and penalties of perjury this 27th day of December 2010.

Todd Rideman as owner and manager
of Wow What Savings, LLC d/b/a Wow

Respectfully submitted,
Plaintiff by its attorney,

David Summer, Esq.
BBO 634514
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 695-0050
*Attorney for the Plaintiff*

Dated: December 29, 2010

-13-



# Whois

% CORE - [Internet Council of Registrars]
%
% NOTICE: Access to the domains information is provided to assist in
% determining the contents of a domain name registration record in the
% CORE database. The data in this record is provided by CORE for
% informational purposes only, and CORE does not guarantee its
% accuracy. This service is intended only for query-based access. You
% agree that you will use this data only for lawful purposes and that,
% under no circumstances will you use this data to: (a) allow, enable,
% or otherwise support the transmission by e-mail, telephone, or
% facsimile of unsolicited, commercial advertising or solicitations; or
% (b) enable automated, electronic processes that send queries or data
% to the systems of CORE, except as reasonably necessary to register
% domain names or modify existing registrations. All rights reserved.
% CORE reserves the right to modify these terms at any time. By submitting
% this query, you agree to abide by this policy.

%
% The requested domain "wow.com" is not
registered through CORE.
% Therefore the following whois server
"whois.melbourneit.com" is asked instead.
%
% **** Start of data fetched from referral whois
****

[whois.melbourneit.com]

Domain Name.......... wow.com
Creation Date........ 1996-01-26
Registration Date.... 2009-10-02
Expiry Date.......... 2012-01-28
Organisation Name.... AOL Inc.
Organisation Address. 22000 AOL Way
Organisation Address.
Organisation Address. Dulles
Organisation Address. 20166
Organisation Address. VA
Organisation Address. UNITED STATES

Admin Name........... Domain Admin
Admin Address........ AOL Inc.
Admin Address........ 22000 AOL Way
Admin Address........ Dulles
Admin Address........ 20166
Admin Address........ VA
Admin Address........ UNITED STATES
Admin Email.......... domain-adm@corp.aol.com
Admin Phone.......... +1.7032654670
Admin Fax............

**Tech Name............ DNS Admin**
**Tech Address......... AOL LLC**
**Tech Address......... 22000 AOL Way**
**Tech Address......... Dulles**
**Tech Address......... 20166**
**Tech Address......... VA**
**Tech Address......... UNITED STATES**
**Tech Email........... domains@aol.net**
**Tech Phone........... +1.7032654670**
**Tech Fax.............**
**Name Server.......... DNS-02.NS.AOL.COM**
**Name Server.......... DNS-01.NS.AOL.COM**
**Name Server.......... DNS-07.NS.AOL.COM**
**Name Server.......... DNS-06.NS.AOL.COM**

**% **** End of data fetched from referral whois ******



# Whois

% CORE - [Internet Council of Registrars]
%
% NOTICE: Access to the domains information is provided to assist in
% determining the contents of a domain name registration record in the
% CORE database. The data in this record is provided by CORE for
% informational purposes only, and CORE does not guarantee its
% accuracy. This service is intended only for query-based access. You
% agree that you will use this data only for lawful purposes and that,
% under no circumstances will you use this data to: (a) allow, enable,
% or otherwise support the transmission by e-mail, telephone, or
% facsimile of unsolicited, commercial advertising or solicitations; or
% (b) enable automated, electronic processes that send queries or data
% to the systems of CORE, except as reasonably necessary to register
% domain names or modify existing registrations. All rights reserved.
% CORE reserves the right to modify these terms at any time. By submitting
% this query, you agree to abide by this policy.

%
% The requested domain "patch.com" is not
registered through CORE.
% Therefore the following whois server
"whois.melbourneit.com" is asked instead.
%
% **** Start of data fetched from referral whois
****

[whois.melbourneit.com]

Domain Name.......... patch.com
Creation Date........ 1994-03-01
Registration Date.... 2009-10-21
Expiry Date.......... 2013-03-03
Organisation Name.... AOL Inc.
Organisation Address. 22000 AOL Way
Organisation Address.
Organisation Address. Dulles
Organisation Address. 20166
Organisation Address. VA
Organisation Address. UNITED STATES

Admin Name........... Domain Admin
Admin Address........ AOL Inc.
Admin Address........ 22000 AOL Way
Admin Address........ Dulles
Admin Address........ 20166
Admin Address........ VA
Admin Address........ UNITED STATES
Admin Email.......... domain-adm@corp.aol.com
Admin Phone.......... +1.7032654670
Admin Fax............

Tech Name............. DNS Admin
Tech Address......... AOL LLC
Tech Address......... 22000 AOL Way
Tech Address......... Dulles
Tech Address......... 20166
Tech Address......... VA
Tech Address......... UNITED STATES
Tech Email............ domains@aol.net
Tech Phone........... +1.7032654670
Tech Fax..............
Name Server.......... DNS-02.NS.AOL.COM
Name Server.......... DNS-01.NS.AOL.COM
Name Server.......... DNS-07.NS.AOL.COM
Name Server.......... DNS-06.NS.AOL.COM


% **** End of data fetched from referral whois ****

Exhibit "B"



Scouted out a new App? Tell Us

**CATEGORIES**

**Top Categories**

- Home
- Business & Financial
- Free Downloads
- Microsoft Windows
- Mobile Apps
- Security & Spyware

**All Categories**

About AppScout
Mobile Apps
Android
Apple iOS (iPhone, iPad, iPod)
Blackberry
Symbian
WebOS
Windows Mobile
Windows Phone
Mobile Categories
Aggregation
Business
Education
Finance
Games
Health and Fitness
Maps and Navigation
Music
News
Productivity
Science
Security
Shopping
Social Networking
Sports
Technology
Themes and Customization
Travel
Utilities
Video and Photo
VoIP
Wacky
Weather
eBooks
Mobile Development and Business
Apple
Audio & Video
Backup
Business & Financial
CES
Crazy Start-Ups (VC Time!)
E-mail
Free Downloads
Google
Green Apps & Sites
Holiday Gifts
IM & Video Conferencing
Maps & GPS
Microsoft Windows
Music & Entertainment
News & Events
Operating Systems
Photo & Imaging
Search Engines
Security & Spyware
Social Networking
Travel
Utilities
Video Games

Tuesday October 5, 2010

## AOL Turns World of Warcraft Site to Groupon Clone, Wow.com

0         10 retweet         Like         More...

Categories: Business, Mobile Apps
Tags:



Poor, WoW Insider. The World of Warcraft site has been changed from WoW.com to Wow.Joystiq.com to make room for AOL's new daily deals Web site, Wow. Deal-oriented sites are definitely hot right now. Groupon itself is worth $1 billion, and according to BusinessInsider.com, its revenues are estimated to reach $350 million or more this year.

Groupon may be the largest site that specializes in location-based deals, but there is a plethora of others, such as LivingSocial, TheDeasl, Yipit, BuyWithMe, and InBundles, to name a few. So, it's no surprise AOL is jumping on the bandwagon with Wow.

The site isn't up and running yet, but here's the description that's up on Wow right now:

> Wow provides you and your family with savings at your favorite local and national locations each and every day! Eating, shopping, weekend outings - Wow offers things you want and things you need at a price that makes sense for your on-the-go lifestyle.
>
> If you want a deal, we listen and offer up your bargain-of-choice on a silver platter at an astronomically discounted price, helping you stretch your hard-earned dollar to infinity and beyond. So be sure to stay tuned and prepare to be "wowed!"

Wow will make its money through shared revenue with advertisers who will pay nothing for their promotions. According to Wow:

> AOL has a significantly greater audience reach than other online coupon sites. Between email and AOL homepage exposure, you'll have tremendous publicity and the opportunity to showcase your business to a large audience that is ready to sample your offer and come back for more.

We'll keep you posted when the site is live. Until then, you can always visit the old site and chat about World of Warcraft.

Posted By: Jennifer Bergen
Comments (2)

Tell a friend about this post

What's this?

## Boston's Best Coupons

Discover the world's #1 coupon site & get 50-90% off local food & fun!

---

### Across Our Blogs

Making Solar Panels With Wind Power

Turning A Bus Into A Moving Garden

Intel's Otellini Calls For More U.S. Investment in Technology

Adobe Releases Security Updates For Acrobat and Reader

Amazon Daily Deal: TomTom XXL 540M 5-inch GPS for $119.95



**APPSCOUT on TWITTER**

Follow Us >>

### Featured Partner Download

 **Buy Kaspersky Internet Security 2011**
2011 Kaspersky Internet Security is our most secure version yet!
Buy today.

 **Registry Reviver**
Is your PC slow? Take a FREE scan with Registry Reviver to find the cause of these problems today!
Try Now

 **SOS Online Backup**
SOS delivers simple, powerful and inexpensive online data backup. PCMag.com Readers save 20% of regular price.
Protect your data now

 **ShadowProtect 4.0**
"For drive-imaging software, there's simply nothing better than ShadowProtect 4.0."
Download Now

 **Google Mobile**
Download Google to your smartphone and search fast
Download Now

 **MozyPro Online Backup**
More than 50,000 businesses trust MozyPro to back up their computers.
Download Now

### White Papers

A Version to Rule Them All

Best Practices for Implementing a Security Process

Removing the Barriers to IT Governance: How On-Demand Software Changes the Game

Hosted VoIP vs VoIP PBX: And the winner is.

Sprint's Partner Interexchange Network (PIN)-A New Approach to Scalable Voice Peering

View all White Papers >



| MAIL |  You might also like: DailyFinance, WalletPop and More

Search Small Business

**Main**   **News**   **Business Advice**   **Success Stories**   **Video**   **Topics**   **Industries**   **About Us**   **Mobile**   **Tools**   **Send Feedback**

 ORIGINAL

# AOL Launches Deal-of-the-Day Site Wow.com

Wow.com now offers daily deals at retailers and other small businesses in Boston, Philadelphia and Washington, D.C. -- with more cities on the way.

*By* LAUREN DRELL
Posted 11/11/10 at 6:00 PM | *News, Advertising & Marketing, Sales, Online Business, Consumer Products & Services, Food & Beverage, Retail, Inventions & Innovations*

Comments (6)                                                                Text Size: A A A



With the growing popularity of Groupon and other deal-of-the-day sites, AOL has joined the party with the launch of Wow.com. In addition to a national deal each week, Wow currently offers daily deals at local businesses in Boston, Philadelphia and Washington, D.C, and will soon expand to other cities.

Wow offers discounts of 50 percent or more at retailers, restaurants and other venues. In addition to providing increased foot traffic from the deals, Wow offers merchants the opportunity to promote to AOL e-mail subscribers and AOL.com users, providing greater marketing reach than other daily deal sites.

The site, which officially launched on Wednesday, offered deals for a winery and spa during its first day. Wow has no minimum qualification to purchase the deal (unlike Groupon's "tipping point," where a certain number of shoppers have to commit to it), and Wow plans to "keep it simple" and avoid gimmicks and games.

"Wow.com is a win-win for consumers and local businesses," Bud Rosenthal, general manager of AOL Paid Services, said in a statement. "Consumers get great savings and businesses enjoy a great way to acquire new, loyal customers on top of unparalleled brand exposure."

For more information on becoming a featured business, visit Wow.com or e-mail the Wow sales department at sales@wow.com.

[ Like ]    6 people like this. Be the first of your friends.

Tags: AOL Wow, AOL Wow.com, best deals, deal of the day, deal of the day site, Groupon, Groupon deals, News, Wow, Wow.com

## Related Videos                                                           By 5min ←···→

      

Follow Us

Facebook    Twitter    LinkedIn    RSS

December
**13**
2010

"Research multiple providers for everything, to compare costs, service model and more. The benefit of doing business in this day and age is ...
Continue Reading

☐ ☐ ☐ ☐        View all Tips »

**Small Business Wire**

Do Your Homework

Divy Up Duties

4 Google Apps That Can Make Your Smartphone Smarter

Persistence Pays

Exhibit "C"

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                    MIDDLESEX SUPERIOR COURT
                                                 CIVIL ACTION NO:

WOW WHAT SAVINGS, LLC, d/b/a          )
WOW                                   )
                Plaintiff,            )
                                      )
        v.                            )
                                      )
AMERICA ONLINE, INC. d/b/a            )
WOW.COM and PATCH.COM                 )
                Defendant             )
                                      )

## *AFFIDAVIT OF JEFFREY KARLL*

I, Jeffrey Karll, on oath state as follows:

1. My name is Jeffrey Karll and I am the owner of G'Vanni's Ristorante in Boston, Massachusetts.

2. I have made various offers on wowwhatsavings.com since its inception in 2009.

3. Wowwhatsavings.com does business as "Wow" and that is how I have always known the business.

4. In October 2010, I received a phone call from Adility and they asked me if I wanted to place an offer on "Wow." In response, I told them that I already had made offers on "Wow." Of course, I was referring to the wowwhatsavings.com site that does business as "Wow." I was completely unaware that they were referring to another site called "wow.com" that has the exact business as "wowwhatsavings.com." The phone call continued and they explained that Wow was AOL. I did decide to place an offer on what was described as Wow/AOL.

-1-

5. After I agreed to place an offer on AOL's Wow site, I examined the site. It looked like the same site as wowwhatsavings.com, with the same style of logo and same coloring. I assumed that AOL had taken over wowwhatsavings.com, which was in the exact same business (a deal site) and which I knew as "Wow."

6. I remained confused as to whether AOL had taken over wowhatsavings.com until I talked with Todd Rideman, who I knew had been the owner of wowhatsavings.com doing business as "Wow." Only after I talked with him did I realize that AOL had not taken over wowwhatsavings.com and that I placed my ad with a separate competing business.

Signed under the pains and penalties of perjury this 2̄8̄ day of December 2010.

_____
Jeffrey Karll

Exhibit "D"

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                MIDDLESEX SUPERIOR COURT
                                             CIVIL ACTION NO:

| | |
|---|---|
| WOW WHAT SAVINGS, LLC, d/b/a WOW | ) |
|         Plaintiff, | ) |
| | ) |
|    v. | ) |
| | ) |
| AMERICA ONLINE, INC. d/b/a WOW.COM and PATCH.COM | ) |
|         Defendant | ) |
| | ) |

### *AFFIDAVIT OF BRUCE PATZ*

I, Bruce Patz, on oath state as follows:

1. My name is Bruce Patz and I reside in Needham, Massachusetts.

2. I have been a user of wowwhatsavings.com since 2009. Since I began using the site, it has always done business as "Wow" and I know the site simply as "Wow."

3. I have purchased various deals from wowwhatsavings.com since its inception.

4. In November 2010, I purchased a G'vanni's Ristorante gift certificate from what I thought was wowwhatsavings.com.

5. I emailed Todd Rideman, who I know to be associated with wowwhatsavings.com and noted that the G'Vanni's Ristorante gift certificate on his site was a "nice coupon."

6. I was shocked to later learn from Mr. Rideman that I had not purchased the gift certificate from wowwhatsavings.com, but from wow.com, a different website.

From: payrolladv@aol.com
To: todd@wowwhatsavings.com
Sent: Fri, Nov 12, 2010 7:02 am
Subject: Gvannis coupon

nice coupon today! I like the $30 for $60 worth of food!

Bruce Patz
Advantage Payroll Services
PCM Merchant Services
Please ask us about our new text message service!  www.fanclubtext.com
(617)-435-2239 (cell)
(978)-318-9990 (office)
(978)-318-9979 (fax)
www.massadvantagepayroll.com
*** Please note as of today my new email is bruce@massadvantagepayroll.com

Exhibit "E"

# COMMONWEALTH OF MASSACHUSETTS

, MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO:

WOW WHAT SAVINGS, LLC, d/b/a
WOW              )
             Plaintiff,      )
                       )
         v.                )
                       )
AMERICA ONLINE, INC. d/b/a    )
WOW.COM and PATCH.COM    )
            Defendant      )
                       )

## *AFFIDAVIT OF BARBARA LARUE*

I, Barbara LaRue, on oath state as follows:

1. My name is Barbara LaRue and I reside in Arlington, Massachusetts.

2. I have been a user of wowwhatsavings.com since 2009.  Since I began using the
site, it has always done business as "Wow" and I know the site simply as "Wow."

3. In November 2010, I wanted to review the wowwhatsavings.com site to look at
their current offerings.  I somehow ended up at wow.com.

4. The site looked to me to be exactly similar to wowwhatsavings.com (color,
format, and type of business, etc.), other than it saying "AOL" at the top.

5. I was completely confused as to whether this was the correct site given the
similarities and I thought maybe wowwhatsavings.com was sold to AOL.

Signed under the pains and penalties of perjury this 28th day of December 2010.

*[signature: Barbara La Rue]*

Barbara LaRue

-1-

Exhibit "F"

Plaintiff's Site



Defendant's Site



Exhibit "G"

**TM**
**SM**

Filing Fee $50.00 per class
5 year registration period

# The Commonwealth of Massachusetts
### William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

### Trademark / Service Mark Application
(General Laws Chapter 110H, Section 3)

All information must be completed or this document will not be accepted for filing.

(1) Applicant's name and business address:

a) Individual: _____ _____          _____          _____ _____
   _____ _____ _____
   *Last*                           *First*                      *Middle*

   Business address: _____ _____          _____ _____
   *Number*                        *Street*

   _____ _____          _____ _____
   *City*                           *State*                      *Zip*

   **or**

b) Business Organization: Wow What Savings, LLC _____ _____ __

   Business address: _____ 109 Milton St _____          _____ _____
   *Number*                        *Street*

   _____ Waltham _____          Ma          02453 ____
   *City*                           *State*                      *Zip*

(2) If applicant is a business, identify type (check box), and if applicable, state and date of organization:

☐ corporation   ☑ limited liability company   ☐ limited partnership   ☐ partnership   ☐ sole proprietor

☐ other _____          _____          _____          _____
                                            *(indicate entity type)*

a) State of incorporation or organization: _____ Ma          b) Date of incorporation or organization: . ___ 7/2009

(3) If applicant is a partnership, state the names of the general partners:

(4) Applicant is seeking to register (check box):

☐ Trademark        ☑ Service Mark

(5) The mark is (complete one of the following):

a) **Words only** - If the mark is only words, the words in the mark are (include type style if it is claimed as part of the mark):

b) **Design Only** - If the mark is a design only, describe the design (include colors if they are claimed as part of the mark):

c) **Words and Design**   State the words in the mark (include color and type style if they are claimed as part of the mark) and describe the design:

Instant - In Light blue color and Arial type style.  The mark is a simple 3 letter word used as an identifier for my daily deal site.

(6) Describe briefly the goods or services used in connection with the mark:

Daily deal site offering discounts on restaurants, spas, salons and a myriad of other businesses

(7) For each class provide the number and class in which such goods or services fall (see attached classification schedule):
*(An application may include multiple classes)*

35

(8) Describe briefly how the mark is used in connection with such goods or services:

a) The mark is used by displaying it (check box):

☑ on documents, wrappers, or articles delivered with the goods
☑ in advertisements of the services
☑ in connection with the services rendered
☐ other

b) If other, describe briefly how the mark is used:

(9) The trademark or service-mark has been used by the applicant, or the applicant's predecessor in business, since

_____ 7/29/2009 _____ and in the Commonwealth of Massachusetts since_ _____ 7/29/2009 _____ .

_(month, day, year)_

_(If first use of the mark anywhere was in Massachusetts, use the same date for both.)._

(10) a) Has the applicant or predecessor in interest filed an application for the same mark or portions of the same mark with the U.S. Patent and Trademark Office?  ☐ Yes  ☑ No

b) If yes, for each application, provide (using additional pages if necessary):

Filing date _____  and serial number _____  _____

_(month, day, year)_

c) What is the status of the application (check box)?    ☐ awaiting examination        ☐ refusal (office action) issued
                                                         ☐ approved for publication     ☐ registered
                                                         ☐ abandoned/withdrawn

d) If finally refused, or not resulted in a registration, give reasons _____  _____  _____

(11) Attach a sample showing the mark as actively used. The sample specimen may not be larger than 3" x 3".



WowWhatSavings.com
GREAT DEALS NOW
**Todd Rideman, CEO**
p: 617.834.6729    e: todd@WowWhatSavings.com

The applicant is the owner of the mark. The mark is in use, and, to the knowledge of the person verifying the application, no other person has registered, either federally or in this state, or has the right to use such mark either in the identical form thereof or in such near resemblance thereto as to be likely, when applied to the goods or services of such other person, to cause confusion, or to cause mistake, or to deceive.

I, ____ Todd Rideman ____ , state that I am the applicant or a lawfully authorized

_(Name of Applicant / Authorized Representative)_

representative of the applicant and declare under penalty of perjury that the foregoing application is true and correct.

Executed on: ____ 12/16/2010 ____

_(Month, Day Year)_

Signature: _____

# COMMONWEALTH OF MASSACHUSETTS

William Francis Galvin
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## Trademark / Service Mark Application
### (General Laws Chapter 110H, Section 3)

Registered with

## WILLIAM FRANCIS GALVIN
*Secretary of the Commonwealth*

on:

_____   _____   _____   . 20 _____.   ____

Trademark Section
One Ashburton Place, Rm. 1717
Boston, MA 02108

### Contact Information

| | |
|---|---|
| **Todd Rideman** | |
| *Name* | |
| **109 Milton St** | |
| *Mailing Address* | |

| **Waltham** | **Me** | **02463** |
|---|---|---|
| *City/town* | *State* | *ZIP* |

| **617-834-6729** | **todd@wowwhatsavings.com** |
|---|---|
| *Telephone* | *Email* |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO:

WOW WHAT SAVINGS, LLC, d/b/a
WOW
    Plaintiff,

  v.

AMERICA ONLINE, INC. d/b/a
WOW.COM and PATCH.COM
    Defendant

)
)
)
)
)
)
)
)
)
)

## UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

   I am attorney of record for Plaintiff in the above entitled matter.  In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:18) which states in part: "... Attorney shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent...,"

I hereby certify that I have complied with this requirement.

       Respectfully submitted,
       Plaintiff by its attorney,

Dated: 12/30/10

       David Summer, Esq.
       BBO 634514
       77 Franklin Street-3rd Floor
       Boston, MA 02110
       (617) 695-0050

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO:

WOW WHAT SAVINGS, LLC, d/b/a
WOW )
              Plaintiff, )

    v.

AMERICA ONLINE, INC. d/b/a
WOW.COM and PATCH.COM
           Defendant

)
)
)
)
)
)
)
)
)
)

## Motion for Short Order of Notice

The plaintiff hereby moves this Court to grant it a short order of notice on its

motion for a preliminary injunction.

Respectfully submitted,
Plaintiff by its attorney,

Dated:  ‹2 ( ) 6 / ‹0

David Summer, Esq.
BBO 634514
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 695-0050
*Attorney for the Plaintiff*

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO:

WOW WHAT SAVINGS, LLC, d/b/a
WOW              )
                                    )
                 Plaintiff,        )
                                    )
           v.                      )
                                    )
AMERICA ONLINE, INC. d/b/a    )
WOW.COM and PATCH.COM      )
                 Defendant    )
                                    )

## MOTION FOR PRELIMINARY INJUNCTION

The Plaintiffs hereby move for a preliminary injunction to prevent the Defendants from operating their internet coupon business as "Wow." If this motion is not allowed, the Plaintiff's business will be destroyed, especially in areas that he has significantly penetrated the market, *e.g.*, Boston.

The Defendant, knowing that the Plaintiff operated a coupon site as Wow and had penetration in Boston for over one year, purposefully entered Boston as one of their three test markets. They also styled their site after the Plaintiff's site and this has led to confusion.

The Plaintiff is very likely to succeed on the merits of this action. It is unclear what defenses the Defendant would have to the Plaintiffs' complaint, which include allegations that they gleaned information from the Plaintiff regarding his business and then purposefully sought to steal his business. The Plaintiff has attached an affidavit in

support attached hereto, a filed a verified complaint in support of preliminary relief, and has included a memorandum of law in support of this motion.

WHEREFORE, for the foregoing reasons, the Plaintiff prays that this motion be granted.

Respectfully submitted,
Plaintiff by its attorney,

Dated: 12/30/10

David Summer, Esq.
BBO 634514
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 695-0050

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                           MIDDLESEX SUPERIOR COURT
                                           CIVIL ACTION NO:

|  |  |
|---|---|
| WOW WHAT SAVINGS, LLC, d/b/a WOW | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| AMERICA ONLINE, INC. d/b/a WOW.COM and PATCH.COM | ) |
| Defendant | ) |

## Affidavit of Todd Rideman

On oath, I Todd Rideman, hereby state as follows:

1. I am the founder of Wow What Savings, LLC, d/b/a Wow (hereafter "WS").

2. I formed WS in July 2009, but I began formulating the business and the concept well before that time.

3. The main focus of WS has been in the Boston area and I have concentrated on obtaining deals in that area. I have also worked in other markets and on the national level. As a result, WS is operating in numerous states including but not limited to Arizona, California, Rhode Island, Florida, and Illinois.

4. Including myself, I have had eleven individuals assisting me in obtaining new clients and/or deals for WS in the Boston area.

5. Additionally, I have had individuals assisting WS in obtaining deals and clients in Georgia, Florida, New York, California, and Washington D.C. Furthermore, some of my assistants work for WS on a national level.

6.   Although my site is less than two years old, it is a lot of amount of time for this type of internet concept.  For example, upon information and belief, Groupon only launched their site in late 2008, but has been offered billions to sell their business.

7.   If America Online continues to operate as Wow as I have since WS's inception, my business and all the work that I have done individually and with others that have worked with me, will be destroyed.

8.   I have begun to experience significant confusion with my business.  A long standing customer and vendor on my site both believed that they were doing business with my site, but they did business with wow.com.  I also received a phone call from another individual that claimed to have bought a coupon on my site, but did not.  Upon information and belief, he purchased his coupon from wow.com.

Signed under the pains and penalties of perjury this 29ᵗʰ day of December 2010.

Todd Rideman

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO:

WOW WHAT SAVINGS, LLC, d/b/a
WOW
    Plaintiff,

v.

AMERICA ONLINE, INC. d/b/a
WOW.COM and PATCH.COM
    Defendant

)
)
)
)
)
)
)
)
)
)

## MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION

In order to receive a preliminary injunction, "the moving party must show that, without the requested relief, it may suffer a loss of rights that cannot be vindicated should it prevail after a full hearing on the merits." *Packaging Indus. Group* v. *Cheney*, 380 Mass. 609, 616 (1980). At the same time, the party opposing the injunction may make a similar showing of irremediable harm which would occur were the injunction to issue. *Id.* The motion judge is to balance the risk of irreparable harm to the plaintiff and defendant "in light of [each] party's chance of success on the merits" at trial. *Id.* at 617. "Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue." *Id.*

Both registered and unregistered trademarks are eligible for protection against infringing uses. 15 U.S.C. §§ 1114, 1125. When a party seeks protection for an unregistered mark, they must demonstrate that the mark is distinctive, either inherently or

through acquired secondary meaning. *Boston Beer Co. v. Slesar Bros. Brewing Co.*, 9 F.3d 175, 180 (1st Cir. 2008). In this case, the use of the term "Wow" for a coupon site is distinctive because the term "Wow" is not in any way descriptive of a coupon site. Because connecting "Wow" with a coupon site requires <u>significant</u> imagination (and probably significant guesswork), the term is inherently distinctive in that context. *See Equine Technologies v. Equitechnology*, 68 F.3d 542, 544 (1995). Thus, an injunction should issue if there is a likelihood of confusion.

In assessing the likelihood of confusion, a court can consider eight factors: 1) similarity of the marks, 2) similarity of the services, 3) relationship between the parties' channels of trade, 4) relationship between the parties' advertising, 5) classes of prospective purchasers, 6) evidence of actual confusion, 7) defendant's intent in adopting its mark and 8) strength of the plaintiff's mark. *Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir. 1981). In this case, the site are incredibility similar with similar colors, similar terms, and the exact same business model. *See* Verified Complaint ¶ 15 and Exhibit "F." They are pursing the exact same purchasers (*i.e.*, vendors to sell their products and the users who purchase the coupons). *See* Verified Complaint ¶¶ 16-24 and Exhibits "C," "D," and "E." It is clear that the Defendant wanted a "leg up" on its new business as there is no other way to explain why they would change a long standing site wow.com from a World of Warcraft site to a coupon site. *See* Verified Complaint ¶¶ 15, 27, 28, and Exhibit "B." The Plaintiff and Defendant previously discussed the Plaintiff's site and his business (*i.e.*, Wow), prior to starting their site. *See* Verified Complaint ¶¶ 11-14. The Defendant's site is creating actual confusion and is very likely to continue to create confusion. *See* Verified

Complaint ¶¶ 16-24 and Exhibits "C," "D," and "E." The Plaintiff has run his business for almost a year and half longer than American Online has run their site. *See* Affidavit of Todd Rideman. This is a lengthy period for a site of this type and the Plaintiff has penetrated many markets with significant work, with a significant presence in Boston. *See id.*

The Plaintiffs moved for a preliminary injunction to prevent the Defendants from operating their internet coupon business as "Wow." If this motion is not allowed, the Plaintiff's business will be *destroyed*, especially in areas that he has significantly penetrated the market, *e.g.*, Boston. *See* Affidavit of Todd Rideman. The Defendant, knowing that the Plaintiff operated a coupon site as Wow and had penetration in Boston for over one year, purposefully entered Boston as one of their three test markets. They also styled their site after the Plaintiff's site and this has led to confusion on both sides (with vendors and purchasers). The Defendant should not be allowed to freely operate and destroy the Plaintiff's business given their clear bad faith and intent.

The Plaintiff is very likely to succeed on the merits of this action. It is clear that the term "Wow" for a coupon site is distinctive and that the Defendant's site has led to confusion with the Plaintiff's site. Thus, the Plaintiff is likely to succeed and should be awarded a preliminary injunction preventing the Defendant from operating their site as "Wow."

WHEREFORE, for the foregoing reasons, the Plaintiff prays that this motion be granted.

Respectfully submitted,
Plaintiff by its attorney,

Dated:  12/30/10

David Summer, Esq.
BBO 634514
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 695-0050



S&C

AMERICAN ONLINE, INC.
C/O CSC
84 STATE STREET
BOSTON, MA